M. Conner Hutchisson
California Bar No. 327872
Carstens, Allen & Gourley, LLP
1707 Cole Blvd, Suite 210
Golden, CO 80401
(720) 798-6680
hutchisson@caglaw.com

Theodore G. Baroody  [*Pro Hac Vice to be filed*]
Texas Bar No. 01797550
Carstens, Allen & Gourley, LLP
7500 Dallas Pkwy, Suite 300
Plano, TX 75024
(972) 367-2001
baroody@caglaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REV ROBOTICS LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>WESTCOAST PRODUCTS & DESIGN LLC,<br><br>            Defendant. | No.  1:25-at-184<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL REQUESTED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Rev Robotics LLC ("REV" or "Plaintiff") files this Complaint for Patent Infringement, and Request for Jury Trial, complaining of WestCoast Products & Design LLC ("WCP" or "Defendant"), and would respectfully show as follows:

Complaint for Patent Infringement          1

**Nature of the Action**

1. Plaintiff REV is a pioneer in robotic design, including for use in educational settings. Minimizing cost is a key factor in learning environments. Prior art systems lacked desirable attributes such as the ability to be used with a live axle, a dead axle, or a combination thereof. REV expended significant resources in money and engineering time to create these advancements in the art. This technology is highly valuable. REV received U.S. Patent No. 12,115,813 ('813 Patent) issued October 15, 2024, covering its groundbreaking inventions. REV's success has not gone unnoticed by its competitors. Defendant WCP has sought to copy and benefit from the hard-earned intellectual property of Plaintiff REV by distributing a competing product that infringes the '813 Patent. Notably, one of the co-inventors of the '813 Patent is now employed by WCP. Defendant WCP's conduct has been willful, and has forced Plaintiff REV to engage the undersigned counsel to seek injunctive relief, damages and attorneys' fees.

**Parties**

2. Plaintiff REV Robtics LLC is organized and existing under the laws of the State of Texas, with a principal office located at 2941 Commodore Dr. #110, Carrollton, TX 75007-4615.

3. Defendant WCP, on information and belief, is a company organized under the laws of California with a principal office located at 34643 Ave 12, Madera, CA 93636, and may be served with process at this address.

**Jurisdiction and Venue**

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338(a) as this case involves a claim for infringement of a U.S. patent pursuant to 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271.

5.   Defendant is subject to personal jurisdiction within California and this judicial district, as Defendant resides in this district, and on information and belief sells and offers to sell a product or products in this district that when assembled by the customer (including by its students) infringe at least claim 6 of the '813 Patent, and such infringement in this district is believed to have occurred. Defendant's address is also located within this district, and constitutes a regular and established place of business pursuant to 28 U.S.C. 1400(b).

**Count 1:  Infringement of the '813 Patent**

6.   The '813 Patent, a copy of which is attached as Ex. A, is titled "APERTURED ARTICLE, INSERTION ARTICLE AND ASSOCIATED SYSTEMS" and was duly and legally issued by the U.S. Patent and Trademark Office on October 15, 2024, with Plaintiff as assignee. Plaintiff is currently the assignee of the '813 Patent, including standing to sue and the right to recover all past, present, and future damages for infringement of the '813 Patent.

7.   Defendant is contributing to and/or inducing infringement of at least claim 6 of the '813 Patent by, on information and belief, offering to sell and/or selling in the United States its Spline XL line of robotics products through its website at https://wcproducts.com/ and through distributors including CTR Electronics.

8.   A detailed claim chart demonstrating direct infringement (either literally or based on the doctrine of equivalents) of claim 6 of the '813 Patent by the Spline XL products when assembled by the customer (including by its students) to create a robot and use the robot, is attached as Exhibit B and incorporated herein by reference.

9.   35 U.S.C. §271(b) states: "[w]hoever actively induces infringement of a patent shall be liable as an infringer." The Spline XL line of products are also not a staple article or commodity of commerce suitable for substantial non-infringing use with respect to contributory infringement.

Complaint for Patent Infringement                 3

10. To the extent that knowledge of the '813 Patent and specific intent regarding infringement of the '813 Patent must be shown to demonstrate liability for inducement to infringe or contributing to infringement, such knowledge and specific intent by Defendant is present in this case at least on the basis of the detailed cease and desist letter demonstrating infringement of the '813 Patent by Defendant, sent on behalf of Plaintiff to Defendant on December 13, 2024, which included the claim chart attached as Exhibit B.

11. Defendant's continuing acts of infringement have caused and will continue to cause damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial, including lost profits, but in no event less than a reasonable royalty.

12. Due to Defendant's continuing acts of willful infringement, Plaintiff is entitled to recover up to treble damages pursuant to 35 U.S.C. § 284, and an award of attorneys' fees pursuant to 35 U.S.C. § 285, as such conduct by Defendant renders this case exceptional.

13. Plaintiff is further entitled to a preliminary and permanent injunction.

**Demand for Jury Trial**

Plaintiff demands a jury trial on all issues so triable.

**Prayer**

Plaintiff prays that, after trial, this Court enter judgment against Defendant as follows:

(a) An entry of final judgment in favor of Plaintiff and against Defendant;

(b) An award of damages adequate to compensate Plaintiff for the infringement of the '813 Patent that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

(c) A preliminary injunction and permanent injunction prohibiting Defendant and all persons in active concert or participation with any of them from further acts of infringement of the '813 Patent;

(d) Treble damages as provided for under 35 U.S.C. § 284 in view of the knowing, willful, and intentional nature of Defendant's acts;

(e) Awarding Plaintiff its costs and expenses of this litigation, including reasonable attorneys' fees and disbursements, pursuant to 35 U.S.C. § 285 on the basis that this case is exceptional due to the conduct of Defendant;

(f) Awarding Plaintiff pre-judgment and post-judgment interest to the extent allowed by law; and

(g) Awarding Plaintiff such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: March 4, 2025 | Respectfully submitted,<br><br>*/s/M. Conner Hutchisson*<br>M. Conner Hutchisson<br>California Bar No. 327872<br>Carstens, Allen & Gourley, LLP<br>1707 Cole Blvd, Suite 210<br>Golden, Colorado 80401<br>(720) 798-6680<br>hutchisson@caglaw.com<br><br>Theodore G. Baroody  [*Pro Hac Vice to be filed*]<br>Texas Bar No. 01797550<br>Carstens, Allen & Gourley, LLP<br>7500 Dallas Pkwy, Suite 300<br>Plano, TX 75024<br>(972) 367-2001<br>baroody@caglaw.com<br><br>Attorneys for Plaintiff |