MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
Shane G. Smith, #272630
  *shane.smith@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

POTTER MINTON, PC
Shaun W. Hassett (TXSBN: 24074372) (*Pro Hac Vice*)
  *shaunhassett@potterminton.com*
102 N. College, Suite 900
Tyler, Texas 75702
Telephone:  (903) 525-2272
Facsimile:   (903) 531-3972

*Attorneys for Defendant,*
WESTCOAST PRODUCTS & DESIGN LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| REV ROBOTICS LLC, | Case No. 1:25-cv-00275-JLT-BAM |
| Plaintiff, | **DEFENDANT WESTCOAST PRODUCTS & DESIGN LLC'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |
| v. | |
| WESTCOAST PRODUCTS & DESIGN LLC, | |
| Defendant. | Jury Trial Demanded |

Defendant WESTCOAST PRODUCTS AND DESIGN LLC ("WestCoast") hereby files the following *Answer and Affirmative Defenses* to Plaintiff REV ROBOTICS LLC'S ("Plaintiff") Complaint for Patent Infringement (ECF 1; "Complaint") as follows:

## NATURE OF THE ACTION

1. WestCoast admits that Plaintiff claims to seek damages and injunctive relief arising out of alleged infringement of U.S. Patent No. 12,115,813 ("the '813 Patent"). WestCoast further admits that the '813 Patent bears an issue date of October 15, 2024. WestCoast denies the remainder of Paragraph 1.

## PARTIES

2. WestCoast lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 and, on that basis, denies them.

3. WestCoast admits that it is a company organized under the laws of California. WestCoast denies that it has a principal office located at 34643 Ave 12, Madera, CA 93636. WestCoast denies the remainder of Paragraph 3.

## JURISDICTION AND VENUE

4. The allegations in Paragraph 4 contain legal conclusions to which no response is required.

5. WestCoast denies that any of its products infringe the '813 Patent. WestCoast denies that it sells or offers to sell products that, when assembled by its customers (including students), infringe any claim of the '813 Patent. WestCoast denies the remainder of the factual allegations in Paragraph 5. Paragraph 5 also contains legal conclusions regarding 28 U.S.C. § 1400(b) to which no response is required.

## COUNT 1:  INFRINGEMENT OF THE '813 PATENT

6. WestCoast admits that attached as Exhibit A to Plaintiff's Complaint is what purports to be a true and correct copy of the '813 Patent. WestCoast admits that the '813 Patent is titled "Apertured Article, Insertion Article, and Associated Systems" and that it bears an issue date of October 15, 2024. WestCoast admits that the face of the '813 Patent identifies REV Robotics LLC as the assignee. WestCoast is without knowledge or information sufficient to form a belief as to the

1  truth of the remaining allegcations in Paragraph 6 and, on that basis, denies them.

2      7.    Denied.

3      8.    WestCoast admits that attached as Exhibit B is what purports to be a claim chart concerning claim 6 of the '813 Patent. WestCoast denies that it infringes the '813 Patent. WestCoast specifically denies that the purported claim chart demonstrates that WestCoast infringes any claim of the '813 Patent. WestCoast denies any remaining allegations in Paragraph 8.

    9.    WestCoast admits that 35 U.S.C. § 271(b) states "[w]hoever actively induces infringement of a patent shall be liable as an infringer." WestCoast denies that it infringes the '813 Patent under any theory of infringement. WestCoast denies the allegation that "[t]he Spline XL line of products are also not a staple article or commodity of commerce suitable for substantial non-infringing use with respect to contributory infringement." WestCoast denies any remaining allegations in Paragraph 9.

    10.    Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, WestCoast denies that it infringes the '813 Patent and denies the allegations in Paragraph 10.

    11.    Denied.

    12.    Denied.

    13.    Denied.

## DEMAND FOR JURY TRIAL

To the extent a response is required, WestCoast admits that Plaintiff's Complaint contains a request for a trial by jury on all issues triable of right by a jury. WestCoast also demands a trial by jury on all issues triable of right by a jury.

## PRAYER

To the extent a response is required, WestCoast denies the underlying allegations of Plaintiff's Prayer and denies that Plaintiff is entitled to any relief from this Court, whether sought in Paragraphs (a)-(g) of the Prayer or otherwise. WestCoast requests that the Court deny all relief to Plaintiff, enter judgment in favor of WestCoast, find that this is an exceptional case under 35 U.S.C. § 285, and award WestCoast its attorneys' fees and costs as the prevailing party in this action.

## GENERAL DENIAL

WestCoast denies each and every allegation of Plaintiff's Complaint which is not specifically admitted herein.

## WESTCOAST'S AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Without admitting or acknowledging that WestCoast bears the burden of proof as to any defenses, WestCoast specifically alleges and asserts the following defenses, undertaking the burden of proof only as to those defenses that are deemed by law to be affirmative defenses, regardless of how such defenses are denominated below.

## FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

WestCoast does not infringe and has not infringed, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the '813 Patent, either literally or under the Doctrine of Equivalents, and has not committed any acts in violation of 35 U.S.C. § 271.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

One or more of the claims of the '813 Patent are invalid for failing to satisfy the conditions for patentability including, but not limited to, 35 U.S.C. §§ 101, 102, 103, or 112.

## THIRD AFFIRMATIVE DEFENSE

### (No Willful Infringement)

To the extent Plaintiff is entitled to any remedy, Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284 because Plaintiff has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement. Plaintiff has failed to state a claim for willful infringement by failing to identify sufficient pre-suit factual basis that WestCoast had actual knowledge of or was willfully blind to the '813 Patent or WestCoast's alleged infringement.

## FOURTH AFFIRMATIVE DEFENSE

### (Notice, Damages, and Costs)

Plaintiff's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287,

including based on Plaintiff's failure to mark, including without limitation, to the extent Plaintiff contends there are products covered by the '813 Patent, Plaintiff's failure to mark its own products with the numbers of the '813 Patent and/or its failure to require and/or police the marking of Plaintiff's customers and licensees. Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288. Plaintiff's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, as applicable, and Plaintiff is not entitled to a double recovery.

## FIFTH AFFIRMATIVE DEFENSE

### (No Equitable Relief)

Plaintiff is not entitled to equitable relief, including an injunction, because any alleged harm to Plaintiff is not immediate or irreparable, and because Plaintiff has an adequate remedy at law. Moreover, the public interest and balance of hardships disfavors equitable relief under the circumstances of this case.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff has failed to mitigate its damages, if it has sustained any, and so any right to relief is barred or diminished.

## SEVENTH AFFIRMATIVE DEFENSE

### (Territoriality)

To the extent Plaintiff's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 et seq., including but not limited to § 271(a).

## EIGHTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel and Disclaimer)

Plaintiff's claims are barred, in whole or in part, by the doctrine of prosecution history estoppel, prosecution laches, and/or disclaimer based on statements, representations, and admissions made during prosecution of the patent applications resulting in the '813 Patent.

### NINTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Plaintiff's claims for relief are barred in whole or in part by reason of estoppel, unclean hands, acquiescence, patent misuse, waiver, and/or other equitable doctrines.

### TENTH AFFIRMATIVE DEFENSE

### (Intervening Rights)

To the extent Plaintiff reissues the '813 Patent or amends any claim thereof, Plaintiff's claims for infringement and monetary damages are limited by intervening rights.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Not an Exceptional Case)

To the extent Plaintiff is entitled to any remedy, Plaintiff is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

### TWELFTH AFFIRMATIVE DEFENSE

### (Ensnarement)

To the extent Plaintiff relies on the doctrine of equivalents to allege infringement, Plaintiff's claims are barred because the asserted scope of the equivalency encompasses or ensnares the prior art.

Respectfully submitted,

Dated: May 1, 2025

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: _____
Shane G. Smith
*Attorneys for Defendant,*
*WESTCOAST PRODUCTS & DESIGN LLC*

# PROOF OF SERVICE
*REV Robotics LLC v. WestCoast Products & Design LLC*
**Eastern District Court Case No.1:25-cv-00275**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On May 1, 2025, I served true copies of the following document(s) described as **DEFENDANT WESTCOAST PRODUCTS & DESIGN LLC'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** on the interested parties in this action as follows:

| | |
|---|---|
| Matthew Conner Hutchisson | Theodore G. Baroody, PHV |
| Carstens, Allen & Gourley, LLP | Carstens, Allen & Gourley, LLP |
| 1707 Cole Blvd, Suite 210 | 7500 Dallas Parkway, Suite 300 |
| Denver, CO 80401 | Plano, TX 75024 |
| Tel: 727-432-3506; Fax: 972-367-2002 | Tel: 972-367-2001; Fax: 972-367-2002 |
| Email: hutchisson@caglaw.com | Email: tbaroody@caglaw.com |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 1, 2025, at Fresno, California.

*/s/ Shane G. Smith*
Shane G. Smith