1  MCCORMICK, BARSTOW, SHEPPARD,
   WAYTE & CARRUTH LLP
2  Shane G. Smith, # 272630
     *shane.smith@mccormickbarstow.com*
3  7647 N. Fresno St.
4  Fresno, California 93729-8912
   Telephone:     (559) 433-1300
5  Facsimile:     (559) 433-2300

6
7  *Attorneys for Defendant,*
   *WestCoast Products & Design LLC*

8
9              **UNITED STATES DISTRICT COURT**

10     **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

11  REV ROBOTICS, LLC,                    | Case No. 1:25-cv-00275-JLT-BAM

12              Plaintiff,                 | [~~Proposed~~] **STIPULATED PROTECTIVE**
                                           | **ORDER**
13          v.

14  WESTCOAST PRODUCTS & DESIGN LLC,       | Hon. Jennifer L. Thurston
15                                         | Hon. Barbara A. McAuliffe
              Defendant.

16
17
18
19
20
21
22
23
24
25
26
27
28

[~~Proposed~~] STIPULATED PROTECTIVE ORDER

1    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff REV Robotics LLC
2    and Defendant WestCoast Products & Design LLC, through counsel undersigned, jointly submit
3    this Stipulated Protective Order to govern the handling of information and materials produced in the
4    course of discovery or filed with the Court in advance of trial in this action.

5    **GOOD CAUSE STATEMENT PURSUANT TO L.R. 141.1(c)**

6    Disclosure and discovery activity in this action are likely to involve (and have involved)
7    production of confidential, proprietary, or private information for which special protection from
8    public disclosure and from use for any purpose other than prosecuting this litigation may be
9    warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following
10   Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket
11   protections on all disclosures or responses to discovery, and that the protection it affords from public
12   disclosure and use extends only to the limited information or items that are entitled to confidential
13   treatment under applicable legal principles.  It is the intent of the parties and the Court that
14   information will not be designated as confidential for tactical reasons in this case, and that nothing
15   will be so designated without a good faith belief that there is good cause as to why information
16   should not be part of the public record.

17   **Statement Under L.R. 141.1(c)(1):**  Examples of confidential information that the parties
18   may seek to protect from unrestricted or unprotected disclosure include:

19   a)    Information that is the subject of a non-disclosure or confidentiality agreement or
20   obligation;
21   b)    Agreements with third-parties;
22   c)    Information related to budgets, sales, profits, costs, margins, product pricing, or other
23   internal financial/accounting information, including non-public information related to
24   financial condition or performance and income or other non-public tax information;
25   d)    Information showing the price or other information related to the terms of sale or
26   purchase of products and materials relevant to this case;
27   e)    Information related to internal operations, including personnel information;
28   f)    Information related to past, current, and future market analyses and business and

[Proposed] STIPULATED PROTECTIVE ORDER

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1   marketing development, including plans, strategies, forecasts and competition;

2   g)    Customer information maintained by either Party including contact information and

3   history and terms of past purchases;

4   h)    Manufacturing and shipment details for the product offerings of either Party;

5   i)    Internal business strategies of either Party; and

6   j)    Any other information or records from either Party that would be competitively

7   harmful to the producing party if publicly disclosed.

8   **Statement Under L.R. 141.1(c)(2):**  Generally speaking, information and documents shall

9   only be designated under this protective order because the Designating Party believes the

10  information or documents are proprietary, confidential, and/or trade secret information that the

11  Designating Party would not release publicly.   Unrestricted or unprotected disclosure of such

12  confidential, technical, commercial, or personal information may result in prejudice or harm to the

13  Producing Party by revealing the Producing Party's competitive confidential information.

14  Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective

15  Order.

16  **Statement Under L.R. 141.1(c)(3):**  The parties submit that protecting the confidential

17  nature of information in this way will be most efficient for the parties and the Court.  That is because

18  the liability issues in this case will involve the mutual exchange of documents, deposition testimony,

19  and other information that a Party may consider to be its proprietary and confidential information.

20  Remedies issues in this case are likely to involve the mutual exchange of business-sensitive

21  financial, pricing, and related information.  The parties have met and conferred on this issue and

22  agree that any private agreement between the parties to safeguard this information will only need to

23  be replicated through orders of this Court at the time of filing dispositive or non-dispositive motions.

24  <u>**PROTECTIVE ORDER**</u>

25  1.    <u>DEFINITIONS</u>.

26  (a)    The term "Challenging Party" shall mean a Party or Non-Party that challenges the

27  designation of information or items under this Order.

28  (b)    The term "Confidential" shall mean information (regardless of how it is generated,

1  stored, or maintained) or tangible things that the Designating Party in good faith reasonably believes

2  will disclose confidential, proprietary and nonpublic financial, commercial, personal, or business

3  information eligible for protection under the Federal Rule of Civil Procedure 26(c).  "Confidential"

4  information shall not include information that either: (a) is in the public domain at the time of

5  disclosure; (b) lawfully becomes part of the public domain through no fault of the recipient, or (c)

6  was lawfully in the possession of the Receiving Party at the time of disclosure.

7  (c)    The term "Outside Counsel" shall mean the attorneys of record for any party in this

8  action, their associates and their staff.  If any party seeks to add counsel of record or substitute

9  counsel of record, then no "Confidential" Documents and information shall be discussed to such

10  additional or substitute counsel until they have agreed to this stipulation by executing the attached

11  **Exhibit A**.

12  (d)    The term "House Counsel" shall mean attorneys who are employees of a party to this

13  action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

14  (e)    The term "Designating Party" shall mean a Party or Non-Party that designates

15  information or items that it produces in disclosures or in responses to discovery as "Confidential"

16  or "Outside Counsels' Eyes Only."

17  (f)    The term "Documents" shall have the same meaning as the term "documents and

18  electronically stored information" in Federal Rule of Civil Procedure 34.

19  (g)    The term "Expert" shall mean a person with specialized knowledge or experience in

20  a matter pertinent to this litigation who has been retained by a Party to serve as an expert witness or

21  as a consultant in this litigation and who, at the time of retention, is not anticipated to become an

22  officer, director, or employee of a Party.  Nothing in this Protective Order purports to alter in any

23  way the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert"

24  for purposes other than those addressed in this Protective Order.

25  (h)    The term "Non-Party" shall mean any natural person, partnership, corporation,

26  association, or other legal entity not named as a Party to this action.

27  (i)    The term "Party" shall mean any party to this action, including all of its officers,

28  directors, employees, and consultants retained in the ordinary course of business.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3                                      1:25-cv-00275-JLT-BAM
[Proposed] STIPULATED PROTECTIVE ORDER

(j)     The term "Producing Party" shall mean a Party or Non-Party that produces information or other discovery material in this action.

(k)     The term "Professional Vendors" shall mean persons or entities that provide litigation support services (*e.g.,* photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

(l)     The term "Protected Material" shall mean any information or other discovery material that is designated as "Confidential" or "Outside Counsels' Eyes Only."

(m)     The term "Receiving Party" shall mean a Party that receives information or other discovery material from a Producing Party.

(n)     The term "Outside Counsels' Eyes Only" shall mean and include those Confidential documents, answers to interrogatories, responses to requests for admission, deposition transcripts, affidavits, expert reports, legal briefs or memoranda, and portions of such materials, and information derived therefrom, that the Designating Party in good faith believes is highly confidential such that, if disclosed to the Receiving Party, might cause competitive harm to the Designating Party. Information and material that may be subject to this protection include, but is not limited to, financial statements; proprietary technical and/or research and development data; financial, marketing and other sales data (such as actual or prospective customer lists, actual or prospective vendor lists, purchase prices, and sales and pricing information); trade secrets under applicable law; highly confidential information belonging to third parties, and/or information having strategic commercial value to the Designating Party's trade or business. Additionally, relevant documents related to an individual's employment or employment related disclosures may be made pursuant to an "Outside Counsels' Eyes Only" designation to protect the privacy of the individuals.

2.     <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by a Party or their Counsel that might reveal Protected Information.

3.    <u>DESIGNATING PROTECTED MATERIAL</u>.

(a)    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designations.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify under the appropriate standards so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.,* to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

(b)    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order or as otherwise stipulated or ordered, discovery material and information that qualify for protection under this Order must be clearly so designated before the material is disclosed or produced.  The Designating Party must use reasonable efforts to ensure that the applicable legend appears on each page of each file produced, as permitted by the particular format of a given Document.

(c)    <u>Materials Subject to Designation</u>.  Each Party to this litigation may designate any Document, thing, interrogatory answer, admission, deposition testimony, and portions of such materials, or other information that it has provided or which a third-party has provided as "Confidential" or "Outside Counsels' Eyes Only" in accordance with this Order.  The party designating such information as "Confidential" or "Outside Counsels' Eyes Only" shall be known as the "Designating Party" and the designation shall be set out thereon.  In designating Documents or information as "Confidential" or "Outside Counsels' Eyes Only," the Designating Party's counsel shall make a good faith determination, before applying the designation, that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

5

1:25-cv-00275-JLT-BAM

[Proposed] STIPULATED PROTECTIVE ORDER

1   (d)   <u>Designating Originals or Tangible Items</u>.  In the event the Producing Party elects to

2   produce original Documents and things for inspection rather than produce copies of Documents, the

3   Producing Party shall identify those original Documents or tangible items which the Producing Party

4   is designating as "Confidential" or "Outside Counsels' Eyes Only" at the initial inspection.

5   Thereafter, upon selection of specified Documents for copying by the inspecting party, the

6   Producing Party shall mark the copies of such Documents as may contain protected subject matter

7   with the appropriate confidentiality marking at the time the copies are produced to the inspecting

8   party.  Said marking shall not delay the production of the copies.  Information obtained by counsel

9   from an initial review of Documents or tangible items, whether in written form or not, shall be

10   maintained as "Confidential" or "Outside Counsels' Eyes Only" pursuant to the Producing Party's

11   designations at the time of initial inspection, unless such information is produced without a

12   designation of confidentiality, or as otherwise designated in writing by the Producing Party.

13   (e)   <u>Inadvertent Failures to Designate</u>.  If timely corrected after its discovery, an

14   inadvertent failure to designate qualified information or items does not, standing alone, waive the

15   Designating Party's right to secure protection under this Order for such material.  Upon timely

16   correction of a designation, the Receiving Party must make reasonable efforts to assure that the

17   material is treated in accordance with the provisions of this Order.

18   (f)   <u>Production by Non-Parties</u>.  Documents produced by Non-Parties without a

19   confidentiality designation shall be provisionally designated as "Confidential" for a period of

20   fourteen (14) days from the date of production, during which period any Party may designate any

21   portion of the production as "Confidential" for the remainder of the litigation unless and until the

22   designation is successfully challenged pursuant to Section 4 below.

23   4.   CHALLENGING CONFIDENTIALITY DESIGNATIONS.

24   (a)   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of

25   confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

26   designation is necessary to avoid a foreseeable, substantial unfairness, unnecessary economic

27   burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

28   challenge a confidentiality designation by electing not to mount a challenge promptly after the

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

6

1:25-cv-00275-JLT-BAM

[Proposed] STIPULATED PROTECTIVE ORDER

original designation is disclosed.

(b)    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

(c)    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality (in compliance with Local Rules 140 and 141, if applicable) within 21 days of the initial notice of challenge or 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion, including the required declaration within 21 days (or 14 days, if applicable), shall automatically waive the confidentiality designation for each challenged designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges or oppositions to challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

7

1:25-cv-00275-JLT-BAM

[Proposed] STIPULATED PROTECTIVE ORDER

1  the challenge.

2  5.  ACCESS TO "CONFIDENTIAL" MATERIALS.

3  All information designated as "Confidential" shall not be disclosed to anyone other than the

4  Parties, Counsel, the Court and its personnel, court reporters and/or videographers in the course of

5  covering depositions, as well as any experts, consultants, and Professional Vendors retained by any

6  Party or its Counsel.  All persons other than Counsel, the Court, and the Court's personnel in the

7  instant action to whom "Confidential" information is disclosed shall read this Protective Order in

8  advance of such disclosure and agree in writing to be bound by its terms by executing the attached

9  Exhibit A.

10  "Confidential" information subject to this Protective Order shall be used by the Party(ies) to

11  whom it is produced solely and exclusively for purposes of the above-captioned litigation unless

12  and until such designation is removed either by agreement of the Parties or by order of the Court.

13  6.  ACCESS TO "OUTSIDE COUNSELS' EYES ONLY" MATERIALS

14  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

15  Receiving Party may disclose any information or item designated "Outside Counsels' Eyes Only"

16  only to:

17  (a)  The Receiving Party's Outside Counsel, as well as employees of said Outside

18  Counsel to whom it is reasonably necessary to disclose the information for this litigation and who

19  signed the attached Exhibit A;

20  (b)  Experts of the Receiving Party to whom disclosure is reasonably necessary for this

21  litigation and who have signed the attached Exhibit A, provided, however, that the Experts who may

22  view "Outside Counsels' Eyes Only" materials cannot, within the past ten (10) years, be or have

23  been employees or independent contractors of any Party, nor of any Parties' subsidiaries or affiliated

24  companies.

25  (c)  The Court and its personnel; and

26  (d)  Court reporters and their staff, professional jury or trial consultants, mock jurors, and

27  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

28  signed the attached Exhibit A

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

8
[Proposed] STIPULATED PROTECTIVE ORDER

1:25-cv-00275-JLT-BAM

7.      USE OF "CONFIDENTIAL" OR "OUTSIDE COUNSELS' EYES ONLY" MATERIALS

Absent written consent from the Producing Party, any person affiliated with either Party and permitted to receive a Party's "Confidential" or "Outside Counsels' Eyes Only" materials, who obtains, receives, has access to, or otherwise learns, in whole or in part, said Party's "Confidential" or "Outside Counsels' Eyes Only" materials under this Order, shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to (a) splines, (b) any products or services accused by REV Robotics LLC in this action, or (c) the patents asserted in this action or and any patent or application claiming priority to or otherwise related to the patents asserted in this action (collectively, the "Field of Invention") during the pendency of this action and for two years after its conclusion, including any appeals. For the purposes of this paragraph, "prosecution" includes any activity related to (i) the preparation or prosecution (for any person or entity) of patent applications, or (ii) participating, drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. This provision shall not preclude any person (including counsel or experts) who obtains, receives, or otherwise learns, in whole or in party of the other Party's "Confidential" or "Outside Counsels' Eyes Only" materials under this Order from participating in or representing it in reexamination proceedings, Post-Grant Review proceedings, *Inter Partes* Review proceedings, or Covered Business Method Review proceedings involving the patent-in-suit provided that they do not advise on, consult on, prepare, draft, or edit any amendment to specifications or claims based on those proceedings.

Absent written consent from the Designating Party, any individual affiliated with REV Robotics LLC who obtains, receives, has access to, or otherwise learns, in whole or in party, any other Party's "Confidential" or "Outside Counsels' Eyes Only" material under this Order shall not be involved in any activity related to: (i) the acquisition of patents or patent applications relating to the Fields of Invention or (ii) the advising or counseling of clients regarding the same. This Acquisition Bar shall begin when such "Confidential" or "Outside Counsels' Eyes Only" materials are first received by the affected individual and shall end two (2) years after the conclusion of this action, including any appeals.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

9

1:25-cv-00275-JLT-BAM

[Proposed] STIPULATED PROTECTIVE ORDER

8.    <u>EXPERTS & CONSULTANTS</u>.

(a)    <u>Persons Covered By This Provision</u>.  The procedure specified under Paragraph 6(b) shall apply to Experts expressly retained by Counsel to assist in the preparation of this litigation for trial, whether or not the Expert is expected to testify at trial or not, as well as any personnel who support such Expert's work under the Expert's direction and supervision, and who are necessary for the completion of that work ("Support Personnel").  Disclosures to any such Support Personnel are to be limited to only those disclosures necessary to assist the Expert.

(b)    <u>Procedure for Designating Experts & Consultants Under the Protective Order</u>.  As a condition precedent to disclosure of any "Confidential" or "Outside Counsels' Eyes Only" materials to an individual described in Paragraph 8(a) above, Counsel for the Receiving Party shall require the Expert and his/her Support Personnel (if any) to execute the form of Exhibit A attached hereto. Such executed Exhibit A shall be maintained by Counsel for the Receiving Party for the term of this Stipulated Protective Order.  Counsel for the Receiving Party shall serve the executed Exhibit A upon the Producing Party along with a current curriculum vitae of the current consultant or expert at least ten (10) days before access to the Protected Material is to be given to that expert or consultant in order to allow the Producing Party an opportunity to object to and notify the Receiving Party in writing that the Producing Party objects to the disclosure of "Confidential" or "Outside Counsels' Eyes Only" information to the consultant or expert.  The Parties agree to promptly meet and confer in good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fourteen (14) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for the protective order. No disclosure shall occur until all such objections are resolve by agreement or Court order.

9.    <u>STORAGE OF PROTECTED INFORMATION BY RECEIVING PARTY</u>.

The recipient of any "Confidential" or "Outside Counsels' Eyes Only" materials provided under this Protective Order (including copies or excerpts made thereof) shall maintain such information in a secure and safe area, and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination of such information.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

10

1:25-cv-00275-JLT-BAM

[Proposed] STIPULATED PROTECTIVE ORDER

10.     <u>TREATMENT OF PROTECTED MATERIAL AT DEPOSITIONS IN THIS LITIGATION</u>.

(a)     <u>Deposition of the Authors and Recipients of Protected Material</u>.  With respect to Documents designated as "Confidential" or "Outside Counsels' Eyes Only," any person indicated on the face of the Document to be its originator, author, or recipient may be shown the Documents. Additionally, any Document designated as "Confidential" or "Outside Counsels' Eyes Only" may be shown to any employee of the Designating Party and/or the Party or Non-Party that produced in this litigation the Document so designated during the deposition of that employee if it is reasonably probable that the employee would have access to or knowledge of the information contained in that Document.

(b)     <u>Exclusion of Certain Persons From Protected Deposition Testimony</u>.  Any Party shall have the right to exclude from attendance at a deposition, during such time as the "Confidential" or "Outside Counsels' Eyes Only" Documents or information are to be disclosed, every individual not entitled under the Protective Order to receipt of the information, excluding the deponent and the court reporter, interpreter, translator, and/or videographer.  However, if a document designated "Confidential" or "Outside Counsels' Eyes Only" is produced for the first time during the course of such deposition, the non-designating Party shall be entitled to stay the deposition with respect to the subject Document.

(c)     <u>Procedure for Designating Transcript Sections as Protected Material</u>.  Whenever a deposition taken on behalf of any Party involves a disclosure of "Confidential" or "Outside Counsels' Eyes Only" Documents or information of any Party or Non-Party, said deposition or portions thereof shall be designated as containing "Confidential" or "Outside Counsels' Eyes Only" information subject to the provisions of this Protective Order at the time the deposition is taken whenever possible; *however*, any Party shall have until thirty (30) days after receipt of the deposition transcript within which to designate, in writing, those portions of the transcript it wishes to remain designated as "Confidential" or "Outside Counsels' Eyes Only" and the right to make such designation shall be waived unless made within the thirty (30) day period.  During such thirty (30) period, the entirety of the transcript shall be deemed designated "Confidential" or "Outside

MCCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

11                                           1:25-cv-00275-JLT-BAM
[Proposed] STIPULATED PROTECTIVE ORDER

1  Counsels' Eyes Only" to preserve the right of any Party to make a designation of "Confidential" or

2  "Outside Counsels' Eyes Only" during that thirty (30) day period.

3  11.    PROTECTED MATERIAL SUBPOENAED, ORDERED TO BE PRODUCED IN OTHER

4  LITIGATION.

5         If a Party is served with a subpoena, or a court order issues in another litigation, that compels

6  disclosure of any information or items designated in this action as "Confidential" or "Outside

7  Counsels' Eyes Only" that Party must:

8         (a)    Promptly notify the Designating Party in writing.  Such notification shall include a

9  copy of the subpoena or court order;

10        (b)    Promptly notify, in writing, the party who caused the subpoena or order to issue in

11 the other litigation that some or all of the material covered by the subpoena or order is subject to

12 this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

13        (c)    Cooperate with respect to all reasonable procedures sought to be pursued by the

14 Designating Party whose Protected Material may be affected.

15        If the Designating Party timely seeks a protective order, the Party served with the subpoena

16 or court order shall not produce any information designated in this action as "Confidential" or

17 "Outside Counsels' Eyes Only" before a determination by the court from which the subpoena or

18 order issued, unless the Party has obtained the Designating Party's permission.  The Designating

19 Party shall bear the burden and expense of seeking protection in that court of its confidential material

20 — and nothing in these provisions should be construed as authorizing or encouraging a Receiving

21 Party in this action to disobey a lawful directive from another court.

22 12.    PROTECTED MATERIAL OF A NON-PARTY SOUGHT TO BE PRODUCED IN THIS

23 LITIGATION.

24        (a)    Applicability.  The terms of this Order are applicable to information produced by a

25 Non-Party in this action and designated as "Confidential" or "Outside Counsels' Eyes Only."  Such

26 information produced by Non-Parties in connection with this litigation is protected by the remedies

27 and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a

28 Non-Party from seeking additional protections.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

12

1:25-cv-00275-JLT-BAM

[Proposed] STIPULATED PROTECTIVE ORDER

(b) <u>Notice Procedure</u>.  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i)  Promptly notify, in writing, the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii)  Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii)  Make the information requested available for inspection by the Non-Party.

(c) <u>Disclosure and Remedy</u>.  If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the above notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

13. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

14  <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

13

1:25-cv-00275-JLT-BAM

[Proposed] STIPULATED PROTECTIVE ORDER

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

15    FINAL DISPOSITION.

(a)    Upon Termination of this Action. Within forty-five (45) days after a final disposition of the action, which shall include entry of final judgment and the exhaustion of all rights of appeal, or a dismissal of the action, a Receiving Party shall either return to the Producing Party or destroy all Documents and things or transcripts of depositions, together with all copies thereof, which have been designated "Confidential" or "Outside Counsels' Eyes Only." Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

(b)    Continuing Obligations. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees in writing or a court order otherwise directs, except that the continuing nature of the obligations in this provision shall not apply to the Court or its personnel.

16    LIMITATIONS.

(a)    Attorneys' Right to Counsel Clients. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering legal advice to the attorney's Party-client with respect to this action, and in the course thereof, relying upon an examination of "Confidential" or "Outside Counsels' Eyes Only" Documents or information; *provided*, that in rendering such legal

advice and in otherwise communicating with the Party-client, the attorney shall not disclose any "Confidential" or "Outside Counsels' Eyes Only" Documents or information to anyone not authorized to receive such Documents, things, materials, or information pursuant to the terms of this Protective Order.

(b)    <u>Filing Protected Materials</u>.  Any Documents produced in discovery, answers to interrogatories, deposition transcripts, or other Documents that are filed with the Court for any purpose and that incorporate information that is designated "Confidential" or "Outside Counsels' Eyes Only" shall be filed in compliance with Local Rule 141.

(c)    <u>Reservation of Rights</u>.  Nothing in this Protective Order, nor the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver or admission of any claim or defense of this action.  Moreover, the failure to designate information in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of Documents or things, and, except as expressly provided, shall not relieve any Party of the obligation of producing information in the course of discovery.  This Order shall not in any way limit what the Producing Party may do with its own Documents or information.

(d)    <u>Meet and Confer In Advance of Trial</u>.  Subject to Paragraph 16(b) and the Federal Rules of Evidence, Documents, material, and information designated "Confidential" or "Outside Counsels' Eyes Only" may be offered in evidence at any pre-trial hearing in the instant action upon three (3) day's written notice of the intention to do so or, if that is not possible, such shorter notice as the circumstances permit.  In the instant action, any Party may move the Court orally or in writing for an order that the evidence be received *in camera* at a hearing or under other conditions to prevent unnecessary disclosure.  The Party seeking to use Documents, material, and information designated "Confidential" or "Outside Counsels' Eyes Only" must request that the portion of the proceeding where use is made be conducted so as to exclude persons not qualified to receive such Documents, material, and information.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

15

1:25-cv-00275-JLT-BAM

[Proposed] STIPULATED PROTECTIVE ORDER

1    The parties shall meet and confer concerning the use and protection of Documents, material,

2    and information designated "Confidential" or "Outside Counsels' Eyes Only" in open court at any

3    pre-trial hearing or trial.

4    Prior to the pretrial conference, the parties shall meet and confer concerning appropriate

5    methods for dealing with Documents, material, and information designated "Confidential" at trial.

6    17    <u>MISCELLANEOUS</u>.

7    (a)    <u>Right to Seek Modification</u>.  The Parties may, by written stipulation, provide for

8    exceptions to this Protective Order, and any Party may seek an order of this Court modifying or

9    interpreting this Protective Order.  No stipulation amending this Protective Order will have the force

10    or effect of a Court order absent the Court's written approval of it.

11    (b)    <u>Right to Further Relief</u>.  Nothing in the foregoing provisions of this Protective Order

12    shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing,

13    additional protection with respect to the confidentiality or relief from this Protective Order regarding

14    matter designated as containing "Confidential" or "Outside Counsels' Eyes Only."

15    (c)    <u>Right to Assert Other Objections</u>.  By stipulating to entry of this Protective Order,

16    no Party waives any right it otherwise would have to object to disclosing or producing any

17    information on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party

18    waives any right to object on any ground to use in evidence of any of the material covered by this

19    Protective Order.

20    IT IS SO ORDERED.

21    Dated:    _____, 2025

22    By:    _____

23    HON. BARBARA A. McAULIFFE
      UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

16

1:25-cv-00275-JLT-BAM

[Proposed] STIPULATED PROTECTIVE ORDER

1

2        Respectfully submitted,

3    Dated:  August 18, 2025                       Carstens, Allen & Gourley, LLP

4

5                              By:          */s/ Theodore G. Baroody*

6                                         Theodore G. Baroody
                                      Matthew Conner Hutchisson
                                 *Attorneys for Plaintiff REV Robotics lLC*

7

8

9    Dated:  August 18, 2025               McCORMICK, BARSTOW, SHEPPARD,
                                  WAYTE & CARRUTH LLP

10

11

12                             By:          */s/ Shane G. Smith*

13                                        Shane G. Smith
                                          Shaun W. Hasssett

14                               *Attorneys for Defendant WestCoast Products &*
                                        *Design LLC*

15

16                           -oOo-

17                     **SIGNATURE ATTESTATION**

18       I hereby attest that concurrence has been obtained from counsel for Theodore G. Baroody,

19   counsel for REV Robotics LLC, as indicated by a "conformed" signature (/s/) within this e-filed

20   document.

21                               */s/ Shane G. Smith*
                                   Shane G. Smith

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

17

1:25-cv-00275-JLT-BAM

[Proposed] STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

<u>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**</u>

I, _____ [type or print full name] of

_____ [print or type full

address], hereby declare under penalty of perjury that I have read and am fully familiar with the

terms of the Protective Order entered in *REV Robotics LLC v. WestCoast Products & Design, LLC*,

Case No. 1:25-cv-00275-JLT-BAM in the United States District Court for the Eastern District of

California, and hereby agree to comply with and be bound by the terms and conditions of said Order

unless and until modified by further Order of the Court.

I acknowledge that I am about to receive Confidential Documents and/or information in said

action, and hereby certify my understanding that such information is being provided to me pursuant

to the terms and restrictions of the Protective Order. I understand that such information, and any

copies I make of any material containing "Confidential" information, or any notes or other records

that may be made regarding any such information, shall not be disclosed to others, except other

persons that are identified in or have agreed to comply with and be bound by the terms of the

Protective Order. I hereby consent to the jurisdiction of said Court for purposes of enforcing this

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____

_____

[print or type full address, telephone number, and email address] as my California agent for service

of process in connection with this action or any proceedings related to enforcement of this Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

18
[Proposed] STIPULATED PROTECTIVE ORDER

1:25-cv-00275-JLT-BAM

**PROOF OF SERVICE**
*REV Robotics LLC v. WestCoast Products & Design LLC*
**U.S. District Court Case No. 1:25-cv-00275-JLT-BAM**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On August 18, 2025, I served true copies of the following document(s) described as **[Proposed] STIPULATED PROTECTIVE ORDER** on the interested parties in this action as follows:

| | |
|---|---|
| Matthew Conner Hutchisson | Theodore G. Baroody , PHV |
| Carstens, Allen & Gourley, LLP | Carstens, Allen & Gourley, LLP |
| 1707 Cole Blvd, Suite 210 | 7500 Dallas Parkway, Suite 300 |
| Denver, CO 80401 | Plano, TX 75024 |
| Tel: 727-432-3506; Fax: 972-367-2002 | Tel: 972-367-2001; Fax: 972-367-2002 |
| Email: *hutchisson@caglaw.com* | Email: *tbaroody@caglaw.com* |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 18, 2025, at Fresno, California.

_____
*/s/ Shane G. Smith*
Shane G. Smith

042859-000000 11928249.3

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

**1:25-cv-00275-JLT-BAM**
[Proposed] STIPULATED PROTECTIVE ORDER

1

2

## **<u>ORDER</u>**

3

The Court has reviewed the Stipulated Protective Order filed by Plaintiff Rev Robotics

4

5

LLC ("Plaintiff") and Defendant WestCoast Products & Design LLC ("Defendant"), through

their counsel of record, requesting that the Court enter an Order.

6

7

Having considered the above stipulation, and finding good cause, the Court adopts the signed

8

stipulated protective order, (Doc. 22), subject to the following:

9

<u>Exhibit A, lines 16-17</u>: "I hereby consent to the jurisdiction of said Court for purposes of

10

enforcing this Order, even if such enforcement proceedings occur after termination of this action."

11

is hereby struck and replaced with "I hereby consent to the jurisdiction of said Court for purposes

12

of enforcing this Order, **<u>up to and until the</u>** termination of this action."

13

14

The parties are advised that pursuant to the Local Rules of the United States District Court,

15

Eastern District of California, any documents subject to the protective order to be filed under seal

16

must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The

17

party making a request to file documents under seal shall be required to show good cause for

18

documents attached to a non-dispositive motion or compelling reasons for documents attached to a

19

dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within

20

five (5) days of any approved document filed under seal, the party shall file a redacted copy of the

21

22

sealed document. The redactions shall be narrowly tailored to protect only the information that is

23

confidential or was deemed confidential.

24

///

25

///

26

///

27

///

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

20

[Proposed] STIPULATED PROTECTIVE ORDER

1:25-cv-00275-JLT-BAM

1    Additionally, the parties shall consider resolving any dispute arising under the protective

2   order according to the Court's informal discovery dispute procedure.

3

4   IT IS SO ORDERED.

5

6   Dated: __August 18, 2025__    ___/s/ Barbara A. McAuliffe___

    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

21

1:25-cv-00275-JLT-BAM

[Proposed] STIPULATED PROTECTIVE ORDER