CARSTENS, ALLEN & GOURLEY, LLP
Matthew Conner Hutchisson
*hutchisson@caglaw.com*
1707 Cole Blvd., Suite 210
Denver, CO 80401
Telephone: (727) 432-3506
Facsimile: (972) 367-2002

Theodore G. Baroody [*Admitted PHV*]
*baroody@caglaw.com*
Texas Bar No. 01797550
Carstens, Allen & Gourley, LLP
7500 Dallas Pkwy, Suite 300
Plano, TX 75024
Telephone: (972) 367-2001

*Attorneys for Plaintiff,*
*REV Robotics LLC*

MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
Shane G. Smith, #272630
*shane.smith@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

*Attorneys for Defendant,*
*WestCoast Products & Design LLC*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| REV ROBOTICS LLC,<br><br>Plaintiff,<br><br>v.<br><br>WESTCOAST PRODUCTS & DESIGN LLC,<br><br>Defendant. | No. 1:25-cv-00275-JLT-FJS<br><br>**AMENDED JOINT SCHEDULING REPORT**<br><br>Hon. Jennifer L. Thurston<br>Hon. Frank J. Singer<br><br>Complaint Filed: March 4, 2025<br><br>**Mandatory Scheduling Conference**<br>**DATE: August 25, 2026**<br>**TIME: 10:00 AM**<br>**CTRM: #8 (6th Floor) [Via Remote Zoom]** |

TO THE HONORABLE JUDGE SINGER:

Plaintiff REV ROBOTICS, LLC ("REV") and DEFENDANT WESTCOAST PRODUCTS & DESIGN, LLC ("WCP") submit their Amended Joint Report pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), United States District Court, Eastern District of California Local Rule ("LR") 240, and the Court's Order Setting Mandatory Scheduling Conference (ECF 35), as an amendment to the original Joint Report (Dkt. 14) after the issuance of the Court's Claim Construction Order (Dkt. 34), as follows:

**1. Summary of Pleadings**

In its Complaint, Plaintiff REV Robotics, LLC ("REV") alleges that Defendant WestCoast Products & Design, LLC ("WCP") infringes U.S. Patent No. 12,115,813 ('813 Patent) issued October 15, 2024 by offering for sale and selling WCP's SplineXL educational robotics products. REV seeks monetary damages including but not limited to a reasonable royalty, enhanced damages for willful infringement, a finding of exceptional case, attorney fees, and a permanent injunction.

WCP has answered the complaint, denying all material allegations and asserting affirmative defenses.

**2. Amendments**

Not applicable.

**3. Uncontested and Contested Facts**

**(a) Uncontested Facts:** No party contests that Plaintiff REV Robotics LLC is organized and existing under the laws of the State of Texas, with a principal office located at 2941 Commodore Dr. #110, Carrollton, TX 75007-4615, and that Defendant WCP is a company organized under the laws of California with a principal office located at 4180 W. Alamos Avenue, Fresno, CA 93722, and that both REV and WCP are authorized to do business and are doing business in California.

No party contests that U.S. Patent No. 12,115,813 ('813 Patent) issued October 15, 2024.

**(b) Contested Facts:** Discovery is in its early stages, and neither party is able to enter into a stipulation of material facts related to the causes of action asserted in the Complaint or Answer. At this time, each material fact remains in dispute.

**4. Summary of Undisputed and Disputed Legal Issues**

**(a) Undisputed Legal Issues:** The parties agree that this Court has subject matter jurisdiction over all claims and any counterclaims that may be asserted, that this Court has personal jurisdiction over both parties, and that venue properly lies in this District.

**(b) Disputed Legal Issues:** Other than jurisdiction and venue, the parties dispute the legal claims asserted in the Complaint and Answer, including that each party is entitled to the respective legal and equitable relief requested in the Complaint and Answer.

**5. Pending Matters**

There are no pending matters as of the date of this statement.

**6. Discovery Plan**

**(a) Initial Disclosures:** Completed. The parties served their initial disclosures on June 24, 2025. The parties will serve any amendments or supplements in accordance with Fed. R. Civ. P. 26.

**(b) Non-expert Discovery Cut-Off:** The parties set forth their proposal in Section 9.

**(c) Deadline for Expert Witness Disclosure:** The parties set forth their proposal in Section 9.

**(d) Expert Witness Discovery Cut-Off:** The parties set forth their proposal in Section 9.

**(e) Changes in Rule 26(b) Limits**: The parties have agreed that each shall be entitled to take up to 10 depositions of percipient witnesses without further stipulation or leave of court. The parties agree that the limit on interrogatories (25) set forth in F.R.C.P. Rule 33(a)(1) is appropriate in this case.

**(f) Protective Order:** A Protective Order has been entered (Dkt. 24).

**(g) Timing, Sequencing, Phasing, and Scheduling of Discovery:** The parties agree that discovery can and should proceed as set forth in F.R.C.P. Rules 26(d)(1) and (3). The parties also agree to follow the timing, procedure, and substance of the Local Rules of Practice for Patent Cases before the Northern District of California ("PLR"), but only with respect

to those Northern District Patent Local Rules that are specifically identified in Section 9, below, and ask this Court to adopt those identified provisions as procedural binding rules in this case

**(h) Discovery outside the United States:** The parties do not presently contemplate any discovery taking place outside the country.

**(i) Recording of Depositions:** Each party anticipates video recording deposition testimony that it takes.

**(j) Interim Status Report/Conference:** Not applicable.

**7. Discovery Related to Electronic, Digital, and/or Magnetic Data**

The Parties agree that ESI will be produced on a request-by-request basis in native or .PDF form. The Parties agree that any ESI subject to attorney-client or attorney work product privilege will be logged. Any PDFs will be OCR'd prior to production. The parties agree to confer concerning any other terms or conditions concerning the exchange of electronically stored information.

Each party has informed the other that it expects to seek and obtain discovery of computer-based information and the general topics of what should be preserved and produced.
Counsel for REV has informed counsel for WCP of REV's contention that such information includes electronic documents authored or received by REV's former employee, Nicholas James Coussens, who is a named co-inventor on the '813 Patent and is now an employee of WCP, which electronic documents are in the possession, custody or control of WCP and that refer or relate to the '813 Patent or the accused SplineXL products.

**8. Meet & Confer**

**(a) Computer-based Information:** REV is not aware of any deleted computer-based information, and it continues to preserve the same. WCP is not aware of any deleted computer-based information, and it continues to preserve the same.

**(b) E-mail Information:** The parties agree that discovery of email information will be necessary, and will meet and confer further as to how to target and narrow appropriate searches to the extent that may be necessary. Counsel for REV has informed counsel for WCP of REV's contention that such information includes e-mails authored or received by REV's former

employee, Nicholas James Coussens, who is a named co-inventor on the ’813 Patent and is now an employee of WCP, which emails are in the possession, custody or control of WCP and that refer or relate to the ’813 Patent or the accused SplineXL products. The parties will cooperate to return inadvertently produced information that is privileged pursuant to Fed. R. Evid. 502; the mechanism for doing so will be specified in the Parties’ forthcoming Stipulated Protective Order.

**(c) Deleted Information:** The Parties are not aware of any deleted information that would be responsive to this case at this time.

**(d) Back-up Data:** The Parties do not presently anticipate that discovery will resort to back-up data.

**9. Agreed Dates and Proposed Schedule**

The parties could not agree to a joint scheduling proposal, and so present the following proposals for resolution by the Court.

Plaintiff REV’s Position: This patent infringement case has now been pending over 16 months. Due to the patent venue rules and case law, this case could not be brought in any other district court. Plaintiff believes the infringement, validity, damages and willfulness issues are straightforward given the mechanical nature of the inventions of the ‘813 Patent concerning educational robotics. Plaintiff believes its proposed schedule is feasible and appropriate, if a trial date in about 14-16 months is possible. Since the trial date is at the discretion of the Court with an overloaded docket, Plaintiff defers to the Court if more extended scheduling is necessary.

Defendant WestCoast’s Position: This is a patent infringement case involving six named inventors, discovery from an anticipated four third party entities, a deposition of the attorney who prosecuted the asserted ’813 Patent, and expert opinions on the issues of non-infringement, invalidity, and remedies. Most of that discovery was not feasible until the parties completed contentions discovery and received the Court’s guidance in the recent claim construction order. The nine-month fact discovery window laid out in WestCoast’s proposal, plus an orderly path through expert discovery and resolution of dispositive and non-dispositive motions, reflects the reality of the scope of discovery left to complete. REV’s concerns about an extended trial date are unfounded. In light of the Court’s well-documented heavy workload, any firm pre-trial conference

and trial dates at this stage will only set the parties up for expensive pre-trial exchanges directed to portions of this case that may not survive dispositive motions. It is better to give the parties the time they need to appropriately develop this case on the merits without the fantasy that REV's litigation may somehow be fast-tracked relative to all other civil cases on the Court's docket.

**Scheduling Proposals By The Parties**

| Event | REV Proposal | WestCoast Proposal |
|---|---|---|
| Service of Complaint | March 13, 2025 (Complete) | Complete |
| Answer filed | May 1, 2025 (Complete) | Complete |
| Scheduling Conference | Complete. | Complete |
| DL to File Protective Order | Complete. | Complete |
| Exchange of Initial Disclosures | Complete. | Complete |
| Deadline to Amend Complaint | Complete. | Complete |
| Disclosure of Asserted Patent Claims Infringement Contentions (LPR 3-1); Document Production Accompanying Infringement Contentions (LPR 3-2) | Complete. | Complete |
| Invalidity Contentions (LPR 3-3); Document Production Accompanying Invalidity Contentions (LPR 3-4) | Complete (46 days after service of Infringement Contentions) | Complete |
| Exchange of Proposed Terms for Construction (LPR 4-1) | Complete (14 days after service of Invalidity Contentions) | Complete |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (LPR 4-2) | Complete. (21 days after Exchange of Proposed Terms for Construction) | Complete |
| Joint Claim Construction and Prehearing Statement Expert Reports (LPR 4-3) | Complete. (64 days after service of Invalidity Contentions in view of Thanksgiving holiday) | Complete |
| Completion of Claim Construction Discovery (LPR 4- 4) | Complete. (34 days after service of Joint Claim Construction and | Complete |

| Event | REV Proposal | WestCoast Proposal |
|---|---|---|
| | Prehearing Statement in view of New Years holiday) | |
| Opening Claim Construction Brief by REV (LPR 4-5(a)) | Complete (49 days after service of Joint Claim Construction and Prehearing Statement) | Complete |
| Responsive Claim Construction Brief by WCP (LPR 4-5(b)) | Complete (14 days after service of Opening Claim Construction Brief) | Complete |
| Reply Claim Construction Brief by REV (LPR 4-5(c)) | Complete. (7 days after service of Responsive Claim Construction Brief) | Complete |
| Technology Tutorial and Claim Construction Hearing | Not applicable. | Complete |
| Subsequent Case Management Report | August 18, 2026. | August 18, 2026 |
| Interim Case Management Conference | August 25, 2026 at 10:00 am (via remote Zoom) | August 25, 2026 at 10:00 am (via remote Zoom) |
| Early Mediation (Proposed by REV) | December 21, 2026. Plaintiff proposes the parties are to participate in an initial mediation before a private mediator prior to this date. (If the parties cannot agree on a mediator, the Court will appoint one.) | None (WestCoast does not agree to be bound to an early mediation date and disagrees that a private mediation is the only appropriate ADR vehicle.) |
| Completion of Fact Discovery | February 22, 2027 | May 14, 2027 |
| Opening Expert Reports | March 22, 2027 | June 25, 2027 |
| Rebuttal Expert Reports | April 26, 2027 | July 30, 2027 |
| Completion of Expert Discovery | June 28, 2027 | August 20, 2027 |
| Last day to file motions for summary judgment or summary adjudication | July 26, 2027 | October 29, 2027 |

| Event | REV Proposal | WestCoast Proposal |
|---|---|---|
| Deadline for *Daubert* motions, motions to strike, motions *in limine* and other non-dispositive motions | Not later than 10 weeks prior to the Pre-Trial Conference; to be set at the Interim Case Management Conference | In light of the Court's motions workload, to be set following the Court's resolution of dispositive motions |
| Deadline to Complete ADR (Proposed by WestCoast) | Opposed. | December 21, 2027 |
| Pre-Trial Conference | To be set by the Court | In light of the Court's motions workload, to be set following the Court's resolution of dispositive motions |
| Final Mediation | At Court's discretion; to be set at Interim Case Management Conference | None<br>(WestCoast proposes the above deadline to complete ADR by any mutually agreeable means.) |
| Trial | At Court's discretion; to be set at Interim Case Management Conference | In light of the Court's motions workload, to be set following the Court's resolution of dispositive motions |

**10. Settlement**

The Parties agree that there is a possibility of settling this case. Plaintiff's position is that settlement discussions should take place after documents are exchanged and an initial round of depositions is taken. WCP believes that the costs of conducting such discovery significantly outweighs the benefits of early discovery. WCP also believes that the parties would benefit from a pre-discovery mediation through the Court's Voluntary Dispute Resolution Program ("VDRP") as the amount of recovery available to REV is vastly disproportional to the time and expense associated with litigating this matter. Plaintiff will agree to a private mediation before an agreed paid mediator with patent litigation experience with the cost split evenly between the parties.

**11. Jury Demands**

Each party has made a timely demand for jury trial with respect to those claims for which jury determination is appropriate.

**12. Length of Trial**

Five (5) court days.

**13. Bifurcation/Phasing of Trial**

Neither party believes that bifurcation or phasing of the trial is appropriate or will be more efficient.

**14. Related Cases**

Not applicable.

Respectfully submitted,

Dated: August 18, 2026

CARSTENS, ALLEN & GOURLEY, LLP

By: *\/s/ Theodore G. Baroody*

Theodore G. Baroody
Matthew Conner Hutchisson
*Attorneys for Plaintiff,*
*REV Robotics LLC*

Dated: August 18, 2026

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: */s/ Shane G. Smith*

Shane G. Smith
Shaun W. Hassett
*Attorneys for Defendant,*
*WestCoast Products & Design LLC*

-oOo-

**<u>SIGNATURE ATTESTATION</u>**

I hereby attest that concurrence has been obtained from Shane G. Smith, counsel for Defendant WESTCOAST PRODUCTS & DESIGN LLC, as indicated by a "conformed" signature

(/s/) within this e-filed document.

*/s/ _Shane G. Smith*___
Shane G. Smith